(C. D. 576)

MASSEY-HARRIS Co. v. UNITED STATES

United States Customs Court, Second Division

(Decided January 5, 1942)

*James B. Nourse* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges; DALLINGER, J., dissenting

KINCHELOE, Judge: The merchandise the subject of this protest was returned by the examiner as belting for machinery, wholly of cotton, and, according to the sample in evidence as exhibit 1, consists of pieces of canvas about 20½ inches wide and 3 yards long. It was accordingly assessed for duty by the collector as cotton belting for machinery at 20 per centum ad valorem under the *eo nomine* provision therefor in paragraph 913 (a) of the Tariff Act of 1930, and the trade agreement with the United Kingdom, T. D. 49753. The

merchandise is claimed to be entitled to free entry under the provisions of paragraph 1604 of said act, which so far as relevant, read as follows:

PAR. 1604. * * * all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided*, That no article specified by name in Title I shall be free of duty under this paragraph.

Harold J. Mills testified for the plaintiff. He stated he is assistant branch manager of the plaintiff company, and has charge of the sales of his company's merchandise in the state of Kansas and most of Oklahoma. That he is familiar with the use of the involved merchandise in its imported condition; that he began with the company as a mechanic, was service repairman, and went through every phase of the business of the company in this country. That he saw the merchandise in use many times on their harvester-thresher machines by their customers, and that it is used as a repair or replacement part on such machines. The witness produced a certain circular or catalog of his company to show how the piece of canvas is used on the machine. This was received in evidence and marked illustrative exhibit A. The particular machine is shown on the fourth page thereof and the picture of the piece of canvas attached thereto has been marked with the letter X.

The witness' attention was called to the cross pieces which run across the width of the belting, and he stated they were the carriers for the cross conveyor in the combine, that the canvas in question is the cover for that, and that the carrier itself is made of steel. He continued further:

X Q. Are these wooden cross-pieces?—A. The bottom half are wood and top part are covered with metal.

X Q. Are they attached to the canvas?—A. The canvas is attached to the bottom of them.

X Q. The canvas is attached to the bottom of the cross-pieces?—A. Right.

X Q. Without those cross-pieces the canvas wouldn't work on these machines for any purpose?—A. No.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

X Q. Didn't you testify no blocks of wood were attached to the canvas before it is used?—A. My understanding was the question was: Do we further process that before selling it?

X Q. That was the court's question. I asked you if you attached blocks of wood to it.—A. We do not, no.

X Q. Who does?—A. The farmer who owns the combine, and buys this for a replacement part, and puts it in himself.

The witness testified further that this merchandise in its imported condition is essential to the operation of the thresher, and that without it it would lose a great deal of its efficiency. When asked if the belting could be used on any conveyor machine for the same purpose,

he stated: "Well, it is cut to fit this particular machine. By altering it, it could, yes; could be used any place for canvas." Further, that he had no knowledge about the use of the imported merchandise except that gained in his particular line of business, and that when they place orders for these parts of this particular machine they do not specify the size but the number in their repair parts catalog, which is GR5005, which means that they want this replacement canvas for the number 15 or 17 reaper-thresher; that he does not know of any other use for merchandise exactly like exhibit 1, without being altered or cut up; and that if it were of a different width and different size it could be used for other purposes.

The general rule is that before imported merchandise can be regarded as parts of an article the identity of the particular article or part must be fixed with certainty. We think the testimony of the plaintiff hardly is sufficient to establish that the pieces of belting in their imported condition are definitely identifiable as parts of the Massey-Harris threshing machines or as parts of any other agricultural implements, or that the cut pieces of cotton belting have lost their character as such belting for machinery.

If the merchandise can still be regarded as cotton belting for machinery, then the case of *United States* v. *Freeman & Son*, reported as C. A. D. 177 (29 C. C. P. A. 103), seems to be on all fours with the present case. There certain chains used for transmission of power were assessed for duty at 35 per centum ad valorem under paragraph 329 of the present Tariff Act of 1930, which, so far as pertinent, reads as follows:

PAR. 329. * * * chains of iron or steel, used for the transmission of power, of not more than two-inch pitch and containing more than three parts per pitch, and parts thereof, finished or unfinished, 40 per centum ad valorem; all other chains used for the transmission of power, and parts thereof, 35 per centum ad valorem; * * * .

The said chains were claimed to be exempt from duty as parts of agricultural implements under paragraph 1604, as in the present case. The appellate court held the said chains dutiable as assessed by the collector. We quote from that decision as follows:

The witness next testified as to the chain, part number PK135, listed on invoice 10165. He stated that "It is just the right length for use in the Milwaukee chain-drive mower," and, "it might be used for most any purpose, as far as that is concerned, if a man wanted to use it, but I don't believe anyone would go out and buy PK135 unless it was for use on the Milwaukee chain-drive mower." On this record we think it fairly appears that the chain involved is "used for the transmission of power." Assuming that it could be used only on a Milwaukee mower, nevertheless it is clear that paragraph 329 provides for all chains of iron or steel used in the transmission of power. The wording of the paragraph certainly specifies by name the kind of chain here identified as PK135. Therefore, this article is properly dutiable under the said paragraph 329, as held by the collector.

Hence, if the pieces of cotton canvas in the present instance can still be regarded as cotton belting for machinery—and it has not been shown to the contrary—it is undoubtedly an article specified by name and comes within the prohibition of the proviso to said paragraph 1604 "That no article specified by name in Title I shall be free of duty under this paragraph."

The record herein is insufficient to overcome the presumption of correctness attending the collector's classification and assessment of duty, and on authority of the *Freeman* case, *supra,* the claim of the plaintiff is overruled. Judgment will be rendered accordingly.

DALLINGER, J., dissenting: I am of the opinion that the plaintiff has made out a *prima facie* case, and I therefore dissent.